# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| MAXUM CASUALTY INSURANCE COMPANY, ) ) ) | **Civil Action NO. 5:13-cv-00580-JMC** |
| Plaintiff, ) ) | |
| vs. ) ) | **CONSENT PROTECTIVE ORDER** |
| EAST PENN TRUCKING COMPANY, ) INC., JONATHAN M. KLUK, and FRED ) JOSEPH JONES, ) ) | |
| Defendants. ) ) | |

WHEREAS the Defendant Fred Joseph Jones, through written discovery, seeks to obtain unredacted copies of Maxum Casualty Insurance Company's policy, which contains trade secrets and/or confidential, proprietary, or other commercially sensitive business information; and

WHEREAS Maxum Casualty Insurance Company objects to the aforementioned discovery requests, for multiple reasons, including the reason that such documents may contain trade secrets and/or confidential, proprietary, or other commercially sensitive business information, the disclosure of which could cause harm or damage to Maxum Casualty Insurance Company and which should be protected and restricted; and

WHEREAS the Defendant Fred Joseph Jones is willing to limit the use of the information and documents produced and to protect the claimed confidentiality of this information and these documents; and

1

WHEREAS other documents, information and materials may be sought, produced or exhibited by and among the parties to the above-captioned proceedings, some of which are claimed to relate to or contain confidential information; and

WHEREAS the undersigned parties consent to the entry of this Protective Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.) This Order governs the disclosure and use of Confidential Material contained in documents or any other written, recorded or graphic material, answers to interrogatories, deposition testimony or transcripts, responses to requests for admissions and any other discovery (hereinafter "Discovery Material") under the *Federal Rules of Civil Procedure* produced by any person or entity, including non-parties, in this action.

2.) "Confidential Material" shall be defined to include any and all policies of insurance, policy declarations, premium notices, and any other document, information, or discovery response produced in this case that is deemed to constitute proprietary or sensitive business, personal or financial information, or information subject to a legally protected right of privacy.

3.) The undersigned parties may designate any document, information, or discovery response produced in this case as protected by marking it "CONFIDENTIAL" at or before the time of production or exchange pursuant to this Order. All Confidential designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information or (b) information subject to a legally protected right of privacy.

4.) All Confidential Material produced and information furnished which is designated "CONFIDENTIAL" shall be treated as such by the undersigned parties. Confidential

3

Material and all copies, summaries, compilations, notes, or abstracts shall be used solely for the purpose of litigating the above-captioned action and shall not be used by the parties, their counsel of record, or any other person to whom such material is disclosed in connection with any other action or proceeding or for any other purpose, to include the underlying action Civil Action No. 5:12-cv-00719-JMC.

      5.)    Discovery Material designated as "CONFIDENTIAL" pursuant to the terms of this Order shall be restricted to "Qualified Persons" including:

      a.)    The attorneys and the law firms appearing in this captioned case and personnel who are directly employed by those firms and who are assisting the attorneys working on this captioned case;

      b.)    The named parties to this case, including officers, directors, or employees of the parties whose assistance is reasonably required in the preparation of this captioned case for trial and who must have access to the materials to render assistance;

      c.)    Experts or consultants retained by any party in connection with the preparation of this captioned case for trial or in connection with the trial of this case;

      d.)    Persons with knowledge of discoverable matters who are or have been employees of Defendants, provided that these persons shall not be given copies of Confidential Material with the exception of documents contained in their own personnel files;

      e.)    The Court, Jurors, and Court personnel, including court reporters and videographers engaged in such proceedings as are reasonably incidental to the preparation or trial of the captioned case; and

f.)     Any such other persons as the parties shall agree to in writing or the Court shall determine.

6.)     Each Qualified Person described in subparagraphs c.) or f.) of the preceding paragraph to whom Confidential Material is to be furnished, shown or disclosed, shall agree in writing to be bound by the terms of this Consent Protective Order and shall not permit disclosure of the Discovery Material produced in and designated "CONFIDENTIAL" other than pursuant to the terms of this Order.  Such written agreement shall be in the form and substance as attached hereto as **EXHIBIT A**, and shall be retained in the files of the attorney for the party obtaining the written agreement.

7.)     If Confidential Material is inadvertently disclosed without designating it "CONFIDENTIAL", the producing party shall, upon discovery of such inadvertent disclosure, promptly inform opposing counsel and the receiving party in writing.  If the receiving party is a Qualified Person, that person shall thereafter treat the Discovery Material as Confidential pursuant to this Order.  If the Discovery Material that should have been designated "CONFIDENTIAL" was disclosed to non-Qualified Persons as defined in Paragraph 5, the receiving party shall make every reasonable effort to retrieve the Confidential Material and to limit any further disclosure to non-Qualified Persons.

8.)     Except as provided in Paragraphs 9, 10, and 11 herein, original Confidential Material shall at all times be kept in the custody, control and possession of a party's counsel of record, except that copies of Confidential Material may be distributed outside the office to the persons identified in Paragraph 5 above.

4

5

9.) Any Discovery Material designated as "CONFIDENTIAL" under this Order shall, if filed with the Court, be clearly marked "CONFIDENTIAL", sealed, and opened only by authorized court personnel.

10.) When Confidential Material is to be presented, quoted, or referred to in any deposition, hearing or other proceeding in this action, counsel shall ensure that only persons qualified in accordance with Paragraph 5 of this Order are present.

11.) When Confidential Material is incorporated into, quoted, or referred to in, or made an exhibit to any deposition or hearing transcript, counsel shall ensure that the court reporter attending such deposition or proceeding shall separately identify the Confidential Material.  Alternatively, the parties may agree that the entire transcript remain Confidential until fifteen (15) days following receipt of the deposition transcript by counsel, and counsel may designate those portions to be kept Confidential.

12.) A party may oppose the designation of protected material at any time before the trial by notifying the opposing party.  If the parties are unable to agree on the protected status of a document, the party opposing the designation may request an appropriate order from the Court.

13.) The designation of information, documents or things as Confidential pursuant to this Order shall not be construed as a concession by a producing party that such information is relevant, material to any issue, otherwise discoverable, or admissible at trial, or by a receiving party that such information is, in fact, confidential information.

14.) Following settlement or entry of a final non-appealable judgment in this captioned case, all protected material and any copies of such material or other documents

5

incorporating such material shall be returned to the originating party together with appropriate certification of compliance with the terms of this paragraph.

15.) In lieu of returning copies of confidential material to the designating party, opposing counsel may destroy all copies of the protected material if opposing counsel confirms, in writing, to the designating party that opposing counsel has destroyed all such protected material.

16.) This Order does not prevent any party from asserting any legally cognizable privilege to withhold any document or information.

17.) Any undersigned party may apply to the Court for a modification of this Order for good cause shown and nothing herein shall be deemed to prejudice or waive any party's right to seek such a modification.

AND IT IS SO ORDERED!

*J. Michelle Childs*
United States District Court Judge

July 12, 2013
Greenville, South Carolina

[consent signature blocks on following page]

6

7

| WE SO CONSENT: | WE SO CONSENT: |
|---|---|
| SMITH MOORE LEATHERWOOD, LLP | URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK, THEOS & KEITH, P.A. |
| By:   s/Robert D. Moseley, Jr.  <br>Robert D. Moseley, Jr. (Bar No. 5526)<br>Joseph W. Rohe (Bar No. 11129)<br>300 East McBee Avenue, Suite 500<br>P.O. Box 87, Greenville, SC 29602<br>Telephone: (864) 242-6440<br>Facsimile: (864) 240-2475<br>rob.moseley@smithmoorelaw.com<br>joseph.rohe@smithmoorelaw.com<br>*Attorneys for Plaintiff* | By:   s/Jonathan F. Krell  <br>Carl H. Jacobson (Bar No. 2059)<br>Jonathan F. Krell (Bar No. 7552)<br>17 ½ Broad Street<br>P.O. Box 399, Charleston, SC 29402<br>Telephone: (843) 723-7491<br>Facsimile: (843) 723-6010<br>carl@uricchio.com<br>jonathan@uricchio.com<br>*Attorneys for Defendant Fred Joseph Jones* |

EXHIBIT A
MEMORANDUM OF UNDERSTANDING

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Maxum Casualty Insurance Company v. Fred Joseph Jones, *et al.* have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
(Signature)

_____
(Printed Name)